## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**WILLIAM R. MULDROW,**

      **Plaintiff,**

**vs.**                                      **Case No. 4:08cv109-SPM/WCS**

**CATHY DAVIS, DAVID REID,**
**THE CITY OF TALLAHASSEE,**
**and KENT RICKEY, et al.,**

      **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff William R. Muldrow, proceeding *pro se*, filed a civil rights complaint under 42 U.S.C. § 1983 on March 7, 2008. Doc. 1. Plaintiff paid the filing fee at the time of case initiation and the Clerk of Court issued summons for Plaintiff. Summons were returned executed just a few days later and Defendants filed a motion to dismiss on March 31, 2008. Doc. 9. Plaintiff filed his response, doc. 10, on April 16, 2008.

The docket indicates that on April 27, 2008, a notice of appearance was filed by counsel on behalf of Blue Chip Construction Company. Doc. 11. Simultaneously, a complaint was filed by Blue Chip Construction Company as Intervenor. Doc. 12. The

Clerk's Office entered a docket annotation advising counsel for Blue Chip Construction Company that the notice of appearance, doc. 11, was the same document as the complaint, doc. 12.  *See* doc. 13.  Thereafter, on April 29, 2008, a notice of appearance was filed by counsel stating that he represents the Intervener Plaintiff, Blue Chip Construction Company.  Doc. 14.  Simultaneously, a complaint was filed, doc. 15, along with the notice and a $350.00 filing fee was paid.

The latest complaint, doc. 15,[1] does not address FED. R. CIV. P. 24, does not argue a basis for intervention as a matter of right, Rule 24(a), or for permissive intervention, Rule 24(b), and no motion seeking leave to intervene has been filed.  A "timely motion" is required and "must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought."  FED. R. CIV. P. 24(a), (b), and (c).  The movant must also comply with N.D. LOC. R. 7.1(B) by conferring with the opposing party.  Since a motion for leave to intervene was not filed, Defendants were not presented with an opportunity to respond.

Accordingly, it is **RECOMMENDED** that the "complaint" submitted in this case by Blue Chip Construction Company, doc. 15, be *sua sponte* **DISMISSED without prejudice**, and the case be **REMANDED** to me for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on June 10, 2008.

 s/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.
UNITED STATES MAGISTRATE JUDGE**

---

[1] Since this is a second document, it should have been titled "amended complaint" or there should have been some explanation for why it was filed.

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.