IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**WILLIAM R. MULDROW,**

    Plaintiff, and

**BLUE CHIP CONSTRUCTION
COMPANY**, **Plaintiff-Intervener,**

vs.                                           Case No. 4:08cv109-SPM/WCS

**CATHY DAVIS, individually,
DAVID REID, individually,
CITY OF TALLAHASSEE,
KENT RICKEY, individually, and
unknown persons who formed an
evaluation committee for evaluation
general contractor services
for a short list of contractors,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Pending in this case are two motions to dismiss filed by Defendants.  The first seeks to dismiss the original complaint filed by William R. Muldrow, doc. 1.  Doc. 9.  The second seeks to dismiss the complaint in intervention filed by Blue Chip Construction Company, doc. 30.  Doc. 31.

Plaintiff Muldrow filed a response to the first motion to dismiss. Doc. 10. Blue Chip Construction Company (Blue Chip), represented by counsel, filed a response to the second motion to dismiss. Doc. 32. As permitted by my order, doc. 33, Blue Chip filed a supplementary response to the motion to dismiss. Doc. 34. Defendants filed a reply to Blue Chip's response. Doc. 35. Both motions are ready now for ruling.

**Legal standards governing a motion to dismiss**

In reviewing a motion to dismiss filed pursuant to Fed.R.Civ.P. 12(b)(6) for failing to state a claim upon which relief can be granted, the court must consider whether the plaintiff has alleged enough plausible facts to support the claim stated. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (retiring the standard from Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), that dismissal should not be ordered unless it appears beyond doubt that plaintiff could prove "no set of facts" in support of his claims which would entitle him to relief).

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . .

Twombly, 550 U.S. at __, 127 S.Ct. at 1964-1965 (citations omitted). The pleading standard is not heightened, but flexible, in line with Rule 8's command to simply give fair notice to the defendant of the plaintiff's claim and the grounds upon which it rests. Swierkiewicz v. Sorema, 534 U.S. 506, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions."). A complaint must provide sufficient notice of the claim and the grounds upon which it

rests so that a "largely groundless claim" does not proceed through discovery and "take up the time of a number of other people . . . ." Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005), *quoted in* Twombly, 127 S.Ct. at 1966.

A court must accept the factual allegations of the complaint as true, Shotz v. American Airlines, Inc., 420 F.3d 1332, 1334-35 (11th Cir. 2005), and dismissal is not permissible because of "a judge's disbelief of a complaint's factual allegations." Twombly, 127 S.Ct. at 1965, *quoting* Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).  "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

**The Original Complaint, Plaintiff William R. Muldrow, doc. 1**

Plaintiff Muldrow alleges in his complaint that he is a black citizen and majority stockholder in Blue Chip.  Doc. 1, ¶¶ 2, 3.  He alleges that his majority stockholder position in Blue Chip is required by the City of Tallahassee (City) for Blue Chip to be entitled to be certified as a minority business enterprise.  *Id.*, ¶ 4.

Plaintiff alleges that the City of Tallahassee and the other Defendants discriminate against "majority black owned businesses," and do this using an evaluation committee.  *Id.*, ¶¶ 5-9. Specifically, Plaintiff Muldrow alleges that on May 26, 2004, the City served a request for proposals upon him "with intent to award qualification to (5) contractors listed in a so called evaluation and recommendation and eliminating further competition for construction projects for a four year period."  *Id.*, ¶ 10.  Though Plaintiff does not say so, apparently Blue Chip was not deemed qualified.  Blue Chip, not

Plaintiff, filed an intent to protest the request for proposals.  *Id.*, ¶ 11 and Ex. B, p. 52 when viewed as a consolidated document (doc. 1-3, pp. 1-3).  Blue Chip then filed a formal protest.  *Id.*, Ex. C, p. 55 when viewed as a consolidated document (doc. 1-4, pp. 1-3).  Plaintiff Muldrow alleges that the City summarily dismissed Blue Chip's protest without an opportunity to be heard.  *Id.*, ¶ 13.

Plaintiff alleges that prior to going to a system of prequalified contractors, Blue Chip received about 50% of the City's construction contracts "in said category."  *Id.*, ¶ 14.  The new system eliminated "Plaintiff" from competition.  *Id.*, ¶ 15.  Plaintiff alleges that the City then gave contracts to white or non-black contractors over the ensuing four year period.  *Id.*, ¶ 16.  Plaintiff alleges that the five contractors that were qualified under the new program are "non-black."  *Id.*, ¶ 18.

Plaintiff alleges he called Defendant Rickey to complain and got no relief.  *Id.*, ¶ 33.  He contends Defendant Davis summarily dismissed Plaintiff's protest without a hearing, knowing it would screen out black majority owned businesses.  *Id.*, ¶ 34.  Plaintiff alleges that Defendant Reid was reviewing authority, and he supported Davis and failed to prevent the "discrimination."  *Id.*, ¶¶ 35-37.

Plaintiff further alleges that on March 3, 2008, the City issued a new request for proposals for "multiple contractors."[1]  *Id.*, ¶¶ 19, 26.  He alleges that the City "again, intends, through its officials, to eliminate majority black owned contractors from the chance to be selected or participate in construction project bidding over a long period of time and continuing the discriminatory practice implemented with the 2004 contract with

---

[1] The date of the request described in paragraph 19 is not given.  The date of the request is alleged to be March 3, 2008, in paragraph 26, and an Exhibit D is cited.  There is no Exhibit D to the complaint.

the five non-black contractors." *Id.*, ¶ 19.  Plaintiff also alleges that the request for proposals requires that the contractors be bondable, and there are no bondable black owned contractor businesses. *Id.*, ¶ 20.  Plaintiff complains that the City's minority business enterprise policy includes business owned by women, thus excluding businesses owned by blacks. *Id.*, ¶ 21-23.  Plaintiff rather vaguely alleges that the City has violated "federal common law," "the Civil Rights Act" without saying which one, its own policy, and its minority business enterprise policy. *Id.*, ¶¶ 25, 29.

As an apparent subsidiary claim, Plaintiff contends a denial of "First Amendment" rights because a $5,000 bond is required to obtain a bid protest hearing, and some or all of the bond is forfeited if the protest committee does not uphold the protest. *Id.*, ¶ 30. Plaintiff contends that this is not allowed under Florida law. *Id.*, ¶ 31.

**Motion to Dismiss Plaintiff William R. Muldrow's complaint, doc. 9**

Defendants first argue that Plaintiff Muldrow, who is a majority stockholder in Blue Chip, lacks standing and that the proper party is Blue Chip.  Doc. 9.  "Standing and ripeness present the threshold jurisdictional question of whether a court may consider the merits of a dispute."  <u>Elend v. Basham</u>, 471 F.3d 1199, 1204 (11th Cir. 2006) (citation omitted).  "Both standing and ripeness originate from the Constitution's Article III requirement that the jurisdiction of the federal courts be limited to actual cases and controversies."  *Id.*, at 1204-1205 (citation omitted).  "It is by now axiomatic that standing requires the plaintiff to demonstrate injury in fact, causation, and redressability."  *Id.*, at 1205 (citation omitted).

> The constitutional requirements of standing are that "[1] the plaintiff must
> have suffered an 'injury in fact' . . . . [2] there must be a causal connection
> between the injury and the conduct complained of . . . . and [3] it must be

>'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.' "  The plaintiff bears the burden of establishing each of these elements.

*Id*., at 1206 (citations omitted).  Since standing is jurisdictional, it must be considered by the court *sua sponte*.  <u>AT&T Mobility, LLC v. National Ass'n for Stock Car Auto Racing, Inc.</u>, 494 F.3d 1356, 1360 (11th Cir. 2007).

Plaintiff Muldrow argues that the proper party is the "enterprise," and as the black majority stockholder who causes Blue Chip to qualify as a minority business enterprise, he has standing to sue.  Doc. 10, p. 3.  Plaintiff cites the definition of "enterprise" in the federal RICO statute, 18 U.S.C. § 1961, for support for this argument.  *Id*., p. 2.

The City program at issue here is described in an attachment to Plaintiff's complaint.  Doc. 1, Ex. A.  That document is a "Request for Qualification," not a request for proposals as alleged in the complaint.  *Id*., Ex. A, p. 9 when viewed as a consolidated document (doc. 1-2, p. 1).  It is dated March 3, 2007, not March 3, 2008.  The intent of this program is "to award a General Contractor Services term-contract to multiple *firms* (to be determined by the selection committee) resulting from this Request for Qualification (RFQ)."  *Id*., p. 10 (doc. 1-2, p. 2) (emphasis added).  The program states: "At least one (1) of the proposed contracts will be reserved for the highest-scoring Minority Business Enterprise (MBE)."  *Id*.  It further provides that: "Contract award will be based on the qualification information received from interested General contractors . . . ."  *Id*.  Elsewhere the program refers to the "company qualifications."  *Id*., p. 14 (doc. 1-2, p. 6).  Thus, enterprise, firm, contractor, and company are used interchangeably by the City.  There does not seem to be any requirement that a contractor be a corporation.

It is plain on the face of this complaint that the firm, contractor, company, or enterprise at issue here is Blue Chip, a corporation, not Plaintiff Muldrow individually. It was Blue Chip that submitted the protest. Blue Chip would be the "firm" that would do the work. Plaintiff Muldrow chose to do business by means of a corporation, and thereby enjoy the protections from personal liability afforded by the corporate form. It is the corporation, Blue Chip, who might be injured by these allegations, not Plaintiff Muldrow individually. Plaintiff does not have standing to bring a § 1983 claim derivative from a claim which Blue Chip, a corporation, might have. "[A] stockholder cannot maintain an action under the Civil Rights Act for damages suffered by a corporation in which he owns shares." Smith v. Martin, 542 F.2d 688, 690 (6th Cir.1976), *cert. denied*, 431 U.S. 905 (1977) (citing Erlich v. Glasner, 418 F.2d 226 (9th Cir. 1969)); Colon-Pratts v. Municipality of San Sebastian, 194 F.Supp.2d 67, 72 (D. Puerto Rico 2002) ("In the case of a corporation specifically, since it constitutes a legal entity separate and apart from its individual owners, the shareholders cannot sue to vindicate its alleged constitutional rights, even in situations where they are sole stockholders of the victim corporation. Stockholders may bring § 1983 actions only if they have suffered some injury which is distinct from that suffered by the corporation, i.e., not an indirect, derivative injury."); UniDev, L.L.C. v. Housing Authority of New Orleans, 2008 WL 906308, *7 (E.D. La. Apr 02, 2008) (No. CIV.A. 05-2649) (citing former Fifth Circuit cases generally for the proposition that a shareholder cannot sue for a wrong to the corporation).[2]

---

[2] *See also*, Domino's Pizza, Inc. v. McDonald, 546 U.S. 470, 477, 126 S.Ct. 1246, 1250, 163 L.Ed.2d 1069 (2006) ("But it is fundamental corporation and agency law – indeed, it can be said to be the whole purpose of corporation and agency law –

Defendant's motion to dismiss the complaint, document 1, should be granted for lack of subject matter jurisdiction.  Dismissal should be with prejudice as it is not plausible that Plaintiff Muldrow could correct the standing problem with an amended complaint.

**Blue Chip's complaint, doc. 30**

Blue Chip alleges that Defendants encourage "a consistent pattern of discrimination against majority black owned businesses . . . ."  Doc. 30, ¶ 10.  Blue Chip further alleges that the "so called committee members of an evaluation committee . . . are consistently used to reject black majority owned enterprises from contract opportunities . . . ."  *Id.*, ¶ 11.  Blue Chip asserts that on March 26, 2004, it was served with a recommendation by Defendants "to award qualification to five contractors," and alleges that this eliminated competition for "minor construction projects (i.e. projects with a value of $100,000.00 or less) for a four (4) year period."  *Id.*, ¶ 12.

Blue Chip alleges that it filed an intent to protest, and attached the intent as exhibit A.  *Id.*, ¶ 13.  Exhibit A is not dated.  Doc. 30, pp. 13-15.  Plaintiff alleges that within 7 days, Blue Chip filed a formal protest and attaches it as Exhibit B.  *Id.*, ¶ 14.  Plaintiff alleges that the City, through Defendants Davis and Reid, "orally dismissed Plaintiff's protest without an opportunity to be heard and sent the recommendation to the

---

that the shareholder and contracting officer of a corporation has no rights and is exposed to no liability under the corporation's contracts.").  The Court there held that: "Any claim brought under § 1981, therefore, must initially identify an impaired 'contractual relationship,' § 1981(b), under which the plaintiff has rights."  546 U.S. at 476, 126 S.Ct. at 1249.  The Court concluded that since 42 U.S.C. § 1981 protects the right to "make and enforce" contracts, a stockholder, who was not a party to the contract of the corporation, had no ability to bring a § 1981 claim.  546 U.S. at 480, 126 S.Ct. at 1252.

Case No. 4:08cv109-SPM/WCS

Defendant City Commission." *Id.*, ¶ 15. Plaintiff refers to this as a refusal to provide a "due process hearing." *Id.*, ¶ 17. Blue Chip alleges that its bid protest was timely filed, and that Defendants' claim that it was not timely filed was a "sham with intent to deprive Plaintiff of due process." *Id.*, ¶ 28.

Blue Chip alleges that prior to "issuance of the recommendation," it received approximately fifty percent (50%) of the Defendant City's construction projects" of a "value" less than $100,000. *Id.*, ¶ 16. It alleges, apparently as a consequence of adopting the "recommendation," that the City:

> entered into a contract with five (5) white or non-black contractors for construction projects over a four (4) year period; thus eliminating a whole class of majority black owned contractors to do construction work for the Defendant City as prime contractors.

*Id.*, ¶ 18. Blue Chip complains that the selection of the five contractors used subjective rather than objective criteria. *Id.*, ¶ 23. Blue Chip alleges that the City thus "does not provide for competitive competition among MBE [minority business enterprises] contractors." *Id.*, ¶ 19. "The Defendant's City's contract award called for setting aside of projects to be awarded to a MBE selected among the five (5) pre-selected contractors only." *Id.*, ¶ 20. Blue Chip alleges that over the four year period of this program, it did not receive any solicitations for city construction projects because these were exclusively awarded to the five "non-black contractors," in violation of the Equal Protection Clause and FLA. STAT. § 287.093. *Id.*, ¶¶ 21-22. Blue Chip contends that the selection of these five contractors is a barrier to black owned businesses in violation of the Equal Protection Clause. *Id.*, ¶ 25.

Blue Chip alleges that Defendants plan to issue a new contract "to multiple non-black prime contractors that will continue the same pattern and practice of unlawfully screening out a whole class of qualified small and minority contractors."  *Id.*, ¶ 29.  Blue Chip alleges that "[t]he MBE set-aside is unlawfully imbedded in the RFP or RFQ for" one or more of the five pre-selected contractors.  *Id.*, ¶ 29.

Additionally, Blue Chip alleges that the new request for qualifications (RFQ) provides for a protest bond of $5,000 "with a committee discretionary option as to refunding the bond."  *Id.*, ¶ 30.  Blue Chip contends this violates "common law," which it alleges allows retention of protest bonds "only for frivolous complaints or for cost only."  *Id.*, ¶ 31.  Blue Chip contends this denies it "equal access to a quasi-judicial forum."  *Id.*, ¶ 32.

Blue Chip alleges that the individual Defendants were told of its complaints.  *Id.*, ¶¶ 33-37.   Blue Chip alleges that they did nothing to remedy the problems.  *Id.*

**Motion to dismiss the complaint of Blue Chip, doc. 31**

Defendants seek dismissal of the complaint in intervention, doc. 30.  Doc. 31.  Defendants have provided information not contained in the complaint, but that explains the circumstances giving rise to this suit.  The information has not formally been considered here, and the motion will be addressed as a motion to dismiss.

**Failure to allege the jurisdiction of the court**

Defendants seek dismissal because the complaint does not allege the jurisdictional basis for this suit as required by F̲ed̲. R. C̲iv̲. P. 8(a)(1).  Neither the original complaint nor the complaint of Blue Chip alleged the jurisdictional basis of this suit.  Docs. 1 and 30.  Blue Chip seeks to remedy this by asserting in the response that the

jurisdictional basis is 28 U.S.C. § 1343(3).  Doc. 32, p. 2.  This should have been in the complaint.  The motion to dismiss the complaint of Blue Chip should be granted without prejudice to amend.

### Failure to allege a policy of the City of Tallahassee

Defendant City of Tallahassee moves to dismiss for failure to allege that Blue Chip's injuries were caused by a policy or custom of the City.  Doc. 31, pp. 7-8.  "[A] plaintiff seeking to impose liability on a municipality under § 1983 [must] identify a municipal 'policy' or 'custom' that caused the plaintiff's injury."  Wayne v. Jarvis, 197 F.3d 1098, 1105 (11th Cir. 1999), *quoting* Board of County Comm'rs v. Brown, 520 U.S. 397, 403, 117 S.Ct. 1382, 1388, 137 L.Ed.2d 626 (1997).

> "A policy is a decision that is officially adopted by the municipality, or created by an official of such rank that he or she could be said to be acting on behalf of the municipality. . . .  A custom is a practice that is so settled and permanent that it takes on the force of law."  *Sewell v. Town of Lake Hamilton*, 117 F.3d 488, 489 (11th Cir.1997), *cert. denied*, 522 U.S. 1075, 118 S.Ct. 852, 139 L.Ed.2d 753 (1998).  We have emphasized that:
>
>> [t]o establish a policy or custom, it is generally necessary to show a persistent and wide-spread practice.  Moreover, actual or constructive knowledge of such customs must be attributed to the governing body of the municipality.
>
> *Depew v. City of St. Mary's*, 787 F.2d 1496, 1499 (11th Cir.1986);  *see also Church v. City of Huntsville*, 30 F.3d 1332, 1345 (11th Cir.1994).

*Id*.  "[N]ormally random acts or isolated incidents are insufficient to establish a custom or policy."  Wayne, 197 F.3d at 1106, *again quoting* Depew, *supra*.

Blue Chip has adequately alleged a policy of the City, a policy for obtaining contractors on projects having a cost of $100,000.  The allegations about how this policy was implemented, and its generally adverse effect upon Blue Chip, are clear.

Case No. 4:08cv109-SPM/WCS

That this adverse effect upon Blue Chip was due to racial discrimination is not clear, but that will be addressed ahead.  This aspect of the motion to dismiss is without merit.

**Failure to allege a claim upon which relief may be granted**

Defendants Davis, Reid, and Rickey moved to dismiss, arguing that Blue Chip has not alleged that their conduct violated clearly established federal rights.  Doc. 31, p. 10.  Defendants argue that the complaint fails to allege facts sufficient to state a violation of constitutional rights.

While this part of the motion to dismiss considers only the potential liability of the individual Defendants, the point, that the complaint fails to allege sufficient facts, is well-taken and applies to the City as well.  The gist of the Blue Chip complaint is that the City has a new program, to establish the qualifications of five contractors who might do work of a cost less than $100,000 for the City in the next four year period, and then to award contracts only to those pre-qualified contractors.  Blue Chip has alleged that it has done contracting work for the City in the past, but was not named as one of the five pre-qualified contractors, and thus has been excluded.  Blue Chip has also alleged that none of the five pre-qualified contractors that were selected are owned by black persons.  This simply sets forth the injury to Blue Chip (that a "barrier" has been imposed), but that is not enough.  It does not set forth facts from which one might plausibly conclude that Blue Chip did not win a place on the list of five pre-qualified contractors because Plaintiff Muldrow is an African-American.  For example, Blue Chip does not compare the qualifications of the five contractors who won places on the list to the qualifications of Blue Chip.  Surely it is not Blue Chip's claim that it should have been one of the five because Plaintiff Muldrow is an African-American.  To say that the

criteria were "subjective" is conclusory and formulaic. Blue Chip does not allege any other facts from which an inference of intentional racial discrimination may arise.

The subsidiary procedural due process claim has likewise been insufficiently pled. All that Plaintiff has said is that Defendants have a bid protest procedure, but rejected Plaintiff's bid protest because Defendants believed it was filed untimely. Rejection of a bid protest by a decision of the City that it was not timely filed pursuant to City procedure, even if erroneous, does not allege a violation of procedural due process. It is unknown whether Blue Chip had other remedies under state law, but it is doubtful that it could not have pursued state remedies. More important, Blue Chip has not alleged that state law provided no remedy for an erroneous decision that its bid protest was not timely filed. As explained in McKinney v. Pate, 20 F.3d 1550 (11th Cir.1994), *cert. denied*, 513 U.S. 1110 (1995):

> [A] procedural due process violation is not complete "unless and until the State fails to provide due process." In other words, the state may cure a procedural deprivation by providing a later procedural remedy; only when the state refuses to provide a process sufficient to remedy the procedural deprivation does a constitutional violation actionable under section 1983 arise.

20 F.3d at 1557.

For these reasons, the Blue Chip complaint fails to state a claim. The complaint does not adequately allege facts to support either an equal protection or a due process claim. It should be dismissed without prejudice as it is conceivable that Blue Chip could amend to allege more specific facts. This renders moot other bases argued by Defendants for dismissal of the complaint, including the problems with the conspiracy

claim. There can be no conspiracy claim if there is no underlying equal protection or due process claim.

Accordingly, it is **RECOMMENDED** that Defendants' motion to dismiss the complaint of William R. Muldrow, doc. 9, be **GRANTED** and the complaint, doc. 1, be **DISMISSED WITH PREJUDICE**. It is further **RECOMMENDED** that Defendants' motion to dismiss the complaint of Blue Chip Construction Company, doc. 31, be **GRANTED** and the complaint, doc. 30, be **DISMISSED WITHOUT PREJUDICE**. It is further **RECOMMENDED** that the court **ORDER** that within 20 days of entry of the order adopting this report and recommendation, Blue Chip Construction Company may file an amended complaint.

**IN CHAMBERS** at Tallahassee, Florida, on February 10, 2009.

        s/ William C. Sherrill, Jr.
        **WILLIAM C. SHERRILL, JR.**
        **UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**