IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

BLUE CHIP CONSTRUCTION COMPANY,

        Plaintiff,

vs.                              CASE NO.: 4:08-cv-109-SPM/WCS

CATHY DAVIS, et al.,

        Defendants.

_____/

## ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION

This cause comes before the Court for consideration of Plaintiff's Motion
for Preliminary Injunction (doc. 79).  In this motion, Plaintiff seeks an order
enjoining Defendant Candie Fuller and her agents from engaging in alleged
discriminatory and retaliatory actions, including delayed processing of pay
requests and requiring that the Plaintiff provide information and submit to audits
that other contractors are not required to provide or submit to.  For the following
reasons, the motion for preliminary injunction will be denied.

1.  The grant of a preliminary injunction is "the exception rather than the
rule." Siegel v. LePore, 234 F.3d 1163, 1175 (11th Cir. 2000) (quoting Texas
v. Seatrain Int'l, S.A., 518 F.2d 175, 179 (5th Cir. 1975)).  A "preliminary
injunction is an extraordinary and drastic remedy not to be granted unless the
movant clearly established the burden of persuasion as to each of the four

prerequisites." <u>Id.</u> (quoting <u>McDonald's Corp. v. Robertson</u>, 147 F.3d 1301, 1306 (11th Cir. 1998)) (internal marks omitted).

2. A District Court may grant a preliminary injunction only if the moving party establishes that "(1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." <u>Id.</u> "The first of the four prerequisites to temporary injunctive relief is generally the most important." <u>Schiavo ex rel. Schindler v. Schiavo</u>, 403 F.3d 1223, 1232 (11th Cir. 2005).

3. The Plaintiff has failed to meet its burden of establishing a substantial likelihood of success on the merits, as the Plaintiff has failed to prove that Defendant Fuller's requirements of the Plaintiff and actions in the processing of the Plaintiff's requests were per se discriminatory and retaliatory, and not within the proper use of her authority, which she is entitled to, and even obligated to, exercise as an administrative official.

4. Additionally, the Plaintiff has failed to make the requisite showing of irreparable injury. An injury is irreparable if money damages or other corrective relief at a later date is insufficient to provide an adequate remedy. <u>Snook v. Trust Co. of Ga. Bank of Savannah, N.A.</u>, 909 F.2d 480, 487 (11th Cir. 1990). In

the event that Plaintiff prevails in this action, Plaintiff will have an adequate remedy available to it for any financial damage suffered as a consequence of Defendant Fuller's actions. Defendant Fuller's alleged delay in the processing of Plaintiff's fee requests is not of such an irreparable and substantial nature as to necessitate the Court to order such an extraordinary remedy as a preliminary injunction.

5. Additionally, the Court cannot conclude that granting the requested injunction would not be adverse to the public interest. The purpose of monitoring and auditing the fees and costs incurred in governmental contracts is to keep track of and constrain the expense to the public associated with public works projects.

Accordingly, it is ORDERED AND ADJUDGED that Plaintiff's Motion for Preliminary Injunction (doc. 79) is *denied*.

DONE AND ORDERED this <u>ninth</u> day of October, 2009.

_s/ Stephan P. Mickle_

Stephan P. Mickle
Chief United States District Judge